MARY GEORGE KLIMIS and GEORGE GEORGIOU v. GEORGE E. J. KLIMIS and EMMANUEL J. KLIMIS.

28 So. (2nd) 112                                              June Term, 1946
November 26, 1946                                              Division A

*Harry L. Thompson, B. K. Roberts,* and *A. T. Cooper, Jr.,* for appellants.

*C. E. Ware* and *Ben Krantzman,* for appellees.

PER CURIAM:

The parties to this litigation are citizens of this country, are members of the Greek Orthodox Church, and adhere to its customs and practices. George Georgiou is the father of Mary George Klimis and Emmanuel J. Klimis is the father of George E. J. Klimis. While the appellee, G. E. J. Klimis, was enlisted in the armed service of the United States, World War II, Emmanuel J. Klimis' and appellant, George Georgiou, negotiated the marriage of G. E. J. Klimis and Mary Georgiou. This seems to have been in keeping with Greek custom, though the young people were almost strangers to each other. The civil marriage was performed June 4, 1945, and thereafter on June 17, 1945, the Greek religious ceremony was performed.

When G. E. J. Klimis returned from the service and arrangements were in progress for the marriage, George Georgiou expressed a desire to settle on his daughter, Mary Georgiou, a certain sum of money, in keeping with Greek custom. In furtherance of this desire, he conveyed to her residential property valued at $6,000.00 and drew a check in her favor for $3,000.00. G. E. J. Klimis objected to the check being drawn in favor of the daughter, so George Georgiou drew another check in favor of his prospective son-in-law, G. E. J. Klimis, and delivered it to him. The parties were married June 17, 1945, the check was cashed and a portion of it spent on the honeymoon. Difficulties pursued them from the start, the situation became intolerable, and the wife sued for and secured a divorce on the ground of extreme cruelty.

In September, 1945, Mary Georgiou Klimis and her father, George Georgiou, instituted this suit by bill for injunction, alleging conspiracy on the part of Emmanuel J. Klimis and G. E. J. Klimis to secure the sim of $3,000.00 from George Georgiou without intent to perform the marriage contract and provide a home for his wife. The primary purpose of the suit

was to impress a trust on the $3,000.00 delivered by George Georgiou to G. E. J. Klimis and require defendants to pay the full amount thereof to plaintiffs. Defendants filed an answer contending that the sole consideration for the $3,000.00 was the immediate marriage of G. E. J. Klimis and Mary Georgiou. On final hearing the chancellor found that $2,000.00 of the $3,000.00 had been used by G. E. J. Klimis and his wife; that there remained the sum of $1,000.00, in the hands of G. E. J. Klimis, which should be paid over to Mary Georgiou Klimis. This appeal is from the final decree.

The question for determination is whether or not the $3,000.00 paid by George Georgiou to his prospective son-in-law was intended as a payment to him in consideration of the marriage to his daughter or was it intended as an advancement to his daughter and became in law her separate property. The fact that the check was first made to the daughter and then to the prospective husband does not change this presumption. There must be positive evidence to prove a contrary intent. Both the Constitution and statutes recognize the distinction between property of the wife and property of the husband and when the father of the wife turns money or other property over to the wife or the husband in the manner shown here it will be construed as a portion of the wife's separate property.

Appellees contend that the $3,000.00 was paid over to and given to G. E. J. Klimis on the sole condition that he marry Mary Georgiou forthwith, and they say in addition that the fact that G. E. J. Klimis offered to take his wife back and make a home for her induced the chancellor to reach the conclusion he did.

It is true that some language in the final decree supports this contention, but we are convinced that if it be true the chancellor placed undue emphasis on the fact that the check was drawn in favor of G. E. J. Klimis and the fact that he offered to take his wife and make a home for her elsewhere. If the latter offer had been seasonably made, it would be very persuasive, but, having been made on the heels of a divorce for cruel and inhuman treatment and under pressure by this suit to return the money deprives it of much of its evidentiary value.

The charges made by G. E. J. Klimis against his wife were extremely degrading and humiliating. If they were true, they raised a barrier to domestic felicity that would be difficult to overcome. If they were not true, she could have no respect for him. It is commendable in either spouse to reconcile differences in order to harmonize the marital status, but neither is required to live in a buzzard's nest to do so.

In our view the $3,000.00 was intended as the wife's separate property and, being so, appellants were entitled to return of the full amount, so the judgment appealed from is reversed in part and affirmed in part.

Reversed in part; affirmed in part.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.